[No. 1612.   Decided February 14, 1895.]

NEWMAN KLINE, *Trustee, et al., Appellants,* v. THE CITY OF TACOMA, *et al., Respondents.*

STREET ASSESSMENTS — VALIDITY — COLLATERAL ATTACK.

Where a municipal charter requires that a street improvement be *ordered* by resolution of the city council, a resolution declaring the intention of the council to improve the street is not sufficient.

Where the action of a municipal corporation in levying a special assessment for a street improvement is absolutely void, the proceedings are subject to collateral attack.

HOYT, C. J., dissents.

*Appeal from Superior Court, Pierce County.*

*Tillotson & Milligan,* for appellants.

*James Wickersham,* and *Stacy W. Gibbs,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action, it seems to us, falls squarely within the decision announced by this court in *Buckley*

13—11 WASH.

*v. Tacoma*, 9 Wash. 253 (37 Pac. 441). It was conceded by one of the attorneys for respondents that the case in its general features could not be distinguished from that case. It was contended, however, by respondents' other attorney that there were some distinguishing features; but we are entirely unable to discover them.

The main proposition decided in the *Buckley* case was that the improvement had not been ordered by resolution, as required by the charter. In the case at bar, the resolution for the improvement is identical with that in the former case. It is argued by counsel for respondents that it was sufficient that the resolution declared the intention of the council to improve these streets, but in the *Buckley* case this court said:

"But, perhaps, the greatest defect of this resolution is that, while it declares the intention of the council to improve N street, it does not *order* anything, and furnishes no basis for any action on the part of the engineer and board of public works."

It is contended earnestly by the respondents that this action cannot be maintained because it is a collateral proceeding instead of a direct one. The case of *Buckley v. Tacoma* was also a collateral attack, if indeed the present case is a collateral, instead of a direct, attack. But, conceding for the purposes of this case, though a doubtful proposition considering the fact that the law makes no provision for an appeal from such orders, that this is a collateral proceeding, the point raised by the respondents is not well taken; for even collateral attacks will be entertained where the judgment or action is absolutely void. It was held by this court in the case above cited that the action of the corporation was void. After mentioning the authority which was granted to the corporation to improve the streets, and asserting that under the facts

shown in that case the corporation had exceeded its authority, this court said:

"It is unnecessary to cite authorities on these points. The A B C of the laws of municipal corporations, that the power to levy special assessments is to be construed strictly, that the mode prescribed is the measure of power, and that material requirements must be complied with before there is any liability, is all that need be quoted. *Spokane Falls v. Browne*, 3 Wash. 84 (27 Pac. 1077). An assessment made contrary to these principles is void, and an injunction lies to restrain its collection. Dill. Mun. Corp. §§ 803–4; High, Injunctions, § 539."

We also held there that the objections raised by the appellant went to the jurisdiction of the city to make the improvements at all at the expense of abutting property, by reason of a complete failure to carry out the plain conditions of the charter; which were conditions precedent to the exercise of the power.

Long and learned briefs have been filed by the attorneys for respondents in support of their contentions, but as this court went into many of the questions discussed there at some length in the case mentioned above, and decided it adversely to the respondents' contention, we do not feel called upon now to again enter upon a discussion of those questions.

So far as the question of waiver is concerned, we think the many cases cited by respondents on that proposition are not applicable to the facts shown in the case at bar.

The judgment will, therefore, be reversed.

SCOTT, ANDERS and GORDON, JJ., concur.

HOYT, C. J. (*dissenting*). — I did not concur in the opinion rendered in the case of *Buckley v. Tacoma*, upon which the foregoing opinion is founded, though my

dissent does not appear in the record. At this late day it would be of little use to state at any great length the reasons which led me to differ from my associates in the construction of the law applied to that and kindred cases. I, however, desire to state generally the reason which lies at the basis of the difference between us. It grows out of the fact that to my mind such decisions do not sufficiently distinguish between the right of the property owner to escape payment of taxes after the work for which they were levied has been completed, and his right, in a proper proceeding, to prevent the work being done. In the one case the rights are not asserted in due season; in the other they are. Enough appeared from the record in this and the other cases to show it was the intention of the common council to direct the work to be done at the expense of the adjoining property owners in accordance with the provisions of the charter of the city. It also appeared that notice that the city was about to proceed in the prosecution of the work was given the publicity required by the charter. This being so, it must be presumed that if the property owner would have seen a notice in the proper form founded upon proper orders of the common council, and thus been given the opportunity to appear and object to the proceedings, he would have seen the publication founded upon the defective proceedings, and would have had the same notice, in fact, of what was being done that he would have had if the publication had been in pursuance of regular proceedings and in due form.

For this reason it should be held that the publication of the notice, although such notice was defective, as well fulfilled the purpose of the charter — which was to give the property owner an opportunity to be heard — as would one in proper form. And since a

proper notice, published as required, would be presumed to have come to the knowledge of the property owner, there is the same reason to presume that the defective notice came to his knowledge. Hence, in the adjudication of his rights, it must be presumed that he had actual knowledge of the publication of the notice. This being so, he had the same opportunity to object to the proceedings before the work was done as after its completion. An attack upon the proceedings before the work was commenced would correspond to a direct attack upon a judgment of the court; an attack after its completion, to a collateral attack upon such judgment. Public policy requires that every property holder who has had an opportunity to make a direct attack should be precluded from making a collateral one — at least until he has shown not only that the proceedings were defective, but also that he has suffered injury by reason thereof.

It is manifestly unfair that the property owner, having knowledge of the fact that the city is about to improve a street in front of his property, should remain quiet until after such improvement has been made and his property thereby benefited, and then escape the payment of his proportion of the cost of such improvement by reason of some defect in the proceedings of which he might have availed himself to prevent the work being done. To countenance such a course is in effect to allow one property owner to derive a benefit, from a mistake of the officers of the city of which he had full knowledge, at the expense of other property owners who had no knowledge of such defect.

I have not overlooked the argument of the majority of the court growing out of the distinction sought to be made between mere irregularities in the proceedings relating to the improvement, and want of juris-

diction to proceed therein, and I must concede that such argument is planted upon decisions of courts entitled to much credit. It, however, seems to me that such courts have taken too narrow a view of the subject. It is a matter of almost universal experience that the proceedings of city officials in matters of this kind are seldom such as to give jurisdiction, if the technical rule enforced by such courts is given force. It follows that either a more liberal rule must be invoked, or designing property owners will escape their just share of the expenses incident to the proper improvement of the streets of the city. I think the rule should be that, where the common council is clothed with authority by law to proceed in the matter, and it does proceed, it should be presumed to have proceeded regularly. And where it appears that such notice has been given as would bring the property owner into the proceeding if it had been regularly instituted, he should be held to have consented that the improvement should be made notwithstanding the defects in the proceeding, unless he appears and makes objections, or can show that the burden upon his property has been increased by reason of the wrongful action of the officers of the city. It is only necessary to hold that a notice founded upon defective proceedings, or defective in form, but which the court can see was of the same value to the property owner as the one required by law, shall have the same effect upon his rights. And to that extent courts should be willing to go, rather than see such injustice done as is every day brought about by a contrary holding.

In my opinion the judgment should be affirmed.