[No. 11178.    Department Two.    January 23, 1914.]

C. W. ALLEN *et al.*, *Appellants*, v. THE CITY OF BELLINGHAM *et al.*, *Respondents*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS — PROCEEDINGS—RESOLUTIONS—SUFFICIENCY. A resolution for a sewer improvement, stating an intention to improve a certain portion of a designated street by the construction of a trunk sewer outlet at an estimated specified cost, that the cost is to be assessed against the property which can be conveniently drained into the sewer and included in an assessment district thereafter to be established, and the time and place for making protests, substantially complies with a charter provision requiring the resolution to state the nature of the improvement, the estimated costs, the portion of the cost to be borne by benefited property, and the time and place for presenting protests.

SAME—RESOLUTION—OBJECTIONS—JURISDICTION. Where an opportunity is given to present objections to an assessment roll, the failure of the initiatory resolution to meet all the requirements of the law, if the same might have been dispensed with by the legislature, does not defeat the jurisdiction of the council to levy the assessment.

SAME — REASSESSMENT—BAR — JUDGMENT AVOIDING ORIGINAL ASSESSMENT. A judgment declaring an assessment roll void, is not *res judicata* of the right to make a reassessment, so as to bar a reassessment, which is expressly authorized by 3 Rem. & Bal. Code, § 7892-21.

SAME—ASSESSMENT—REJECTION — EFFECT — POWER TO REASSESS. The making of a reassessment roll, which was rejected by resolution and a new roll directed, does not exhaust the power of the council to proceed under the reassessment ordinance; the power not being exhausted until a roll had been prepared and confirmed or the ordinance repealed.

Appeal from a judgment of the superior court for Whatcom county, Kellogg, J., entered December 2, 1912, dismis-

[1]Reported in 137 Pac. 1016.

sing an action to enjoin an assessment, upon sustaining a demurrer to the complaint. Affirmed.

*Black & Black*, for appellants.

*Dan F. North* and *Walter B. Whitcomb*, for respondents.

MAIN, J.—This action was brought for the purpose of enjoining the collection of certain reassessments for local improvements.

On May 25, 1908, the city council of Bellingham passed a resolution declaring its intention to construct a trunk sewer outlet on "C" street, between Holly and Laurel streets, and do such other work as might be necessary in connection therewith. This resolution reads as follows:

"Whereas, it is necessary to improve "C" street from Holly street to Laurel street by the construction of a trunk sewer outlet, and doing such other work as may be necessary in connection therewith at a total estimated cost of twenty-two thousand two hundred and fifty-two dollars and sixty-one cents ($22,252.61) and in accordance with the plans and specifications prepared therefor and now on file with the comptroller, which cost it is proposed to assess against the property which can be conveniently sewered or drained by said trunk sewer and included in an assessment district hereafter to be established according to law.

"It is further hereby resolved that all persons interested desiring to make protests against the said improvement may file their protests at any time before 8 o'clock P. M. Monday, June 8th, 1908, in the office of the city comptroller.

"It is further hereby resolved that the manner of making said improvement and the method of payment therefor and all protests against the same will be considered at a regular meeting of the city council to be held in the council chambers at the city hall at the hour of 8 o'clock P. M. of said Monday, June 8, 1908, at which time and place all persons desiring to be heard are hereby notified to be present."

On June 15, 1908, in pursuance of the intention declared in the resolution, ordinance No. 871 was passed, which provided for the construction of the sewer outlet and for the

levying and collection of a special assessment to pay for the same. Subsequently, the sewer was constructed and the assessment roll prepared. Thereafter and on January 21, 1910, the Bellingham Bay Land Company, W. R. Moultray, John Siegfried and Thos. W. Miller, all of whom are appellants in this action, instituted an action in the superior court for Whatcom county to enjoin the collection of the assessment. Judgment was rendered vacating, setting aside and holding void the assessment. On April 10, 1911, ordinance No. 1587 was approved, which provided for a reassessment of the property benefited by the construction of the sewer in "C" street between Holly and Laurel and the doing of such other work as was necessary in connection therewith, and created an assessment district. Thereafter the board of public works of the city of Bellingham prepared an assessment roll, and notice was published that a hearing would be had upon the same on November 20, 1911. This roll was not approved by the city council, and a resolution was passed directing that a new roll be prepared. A new roll was prepared, and on March 18, 1912, was confirmed by the city council. No claim is made that an opportunity was not given to make objections to this roll and to have a hearing thereon.

The present action was instituted for the purpose of restraining the collection of the assessment made in the reassessment roll of March 18, 1912. The complaint is voluminous, but the facts stated are sufficient for an understanding of the questions which are presented. To the complaint, a demurrer was interposed and sustained. The appellants elected to stand upon their complaint, and refused to plead further. Judgment was entered dismissing the proceeding, from which an appeal is prosecuted.

The principal contentions of the appellants are, first, that the city council had not acquired jurisdiction to make the reassessment in question; second, that the former proceeding in which the original assessment was held to be void was *res judicata* as against the right to reassess; and third, that, in

any event, the reassessment could not be made under ordinance No. 1587 after the council had rejected the first roll prepared thereunder and by resolution direct the making of a new roll.

I.    It is earnestly contended that the resolution above set out declaring the intention to make the improvement was not sufficient to confer jurisdiction, and therefore the reassessment was made without due process of law.

Section 327 of the city charter, being one of the sections in which the city is empowered to provide sewerage, requires that:

"All proceedings for the assessment of drainage or sewer districts or sub-sewer districts, shall, as far as practicable, conform to the methods herein prescribed for the establishment of street improvement districts."

Section 299 of the charter, being one of the sections covering the matter of street improvements, provides:

"No ordinance providing for the improvement of any street, avenue, public way or alley shall be passed without the publication of the resolution declaring the intention of the city to make such improvement and not until the expiration of at least ten days from the date of the first publication of such resolution.   Such resolution of intention so to improve shall contain, among other things, a statement of the nature of the proposed improvement, and the estimate of the cost of the same, and the portion of the cost of the same which is to be assessed against the property abutting (and included in the assessment district provided by such resolution) on such street or alley proposed to be improved, and shall designate a time, not less than ten days, in which protests against the proposed improvements may be filed in the office of the city clerk   .   .   ."

It will be noted that, by this section of the charter, a local improvement is to be initiated by resolution declaring it to be the intention of the city to make such improvement. The requirements of the resolution as therein specified are: (a) the statement of the nature of the proposed improvement; (b) the estimated cost thereof; (c) the portion of the

cost that is to be borne by the property benefited and in-
cluded in the assessment district; and (d) shall designate a
time and place at which protests against the improvement
may be presented.

The resolution in question specifies, (a) an intention to
improve "C" street from Holly street to Laurel street by
the construction of a trunk sewer outlet, and to do such
other work as may be necessary in connection therewith; (b)
the estimated cost to be $22,252.61; (c) the cost of the im-
provement to be assessed against the property which can be
conveniently sewered or drained by such trunk sewer and in-
cluded in an assessment district to be thereafter established;
and (d) a time and place for the making of protests against
the proposed improvement was fixed.

When the matters covered by the resolution are compared
with the charter requirements, it appears that there is a
substantial compliance therewith. While the resolution may
not be artfully drawn, it is sufficiently clear to make manifest
that the proposed improvement was for sewer construction,
rather than primarily the improvement of a particular street.
It would be difficult for one reading the resolution to miscon-
ceive its purpose. But if it were assumed that the resolution
were insufficient, it would not necessarily follow that the re-
assessment would be void.

There is no constitutional requirement which makes it nec-
essary that notice of a proposed improvement be given by
resolution or otherwise. The legislature would have had the
power to have dispensed with such a notice. Where an op-
portunity has been given to present objections to a reassess-
ment roll, a failure on the part of the taxing officers to initi-
ate the improvement by a proper resolution does not avoid
the assessment if the requirement of the law which was not ob-
served was one which the legislature might have dispensed
with. *Rucker Bros. v. Everett*, 66 Wash. 366, 119 Pac. 807,
38 L. R. A. (N. S.) 582; *Collins v. Ellensburg*, 68 Wash.
212, 122 Pac. 1010. As already stated, in the present case

there is no claim that an opportunity was not given to present objections to the reassessment roll which is attacked by this proceeding.

II.   It is argued that, since three of the appellants here brought a proceeding against the original assessment roll and had it declared void, the judgment there is *res judicata,* and no right existed to make the reassessment. But we think this contention cannot be sustained. The roll here involved is not the same roll as was involved in the former proceeding. The statute authorizes a reassessment. Laws of 1911, p. 452, § 21 (3 Rem. & Bal. Code, § 7892-21). To deny the right to reassess would be to withhold a power which is conferred by this act of the legislature. In *Johnson v. Seattle, 53* Wash. 564, 102 Pac. 448, the court speaking of the effect of a judgment declaring the original assessment roll void as against the right to subsequently assess, said:

"The cases brought under the old assessment above referred to are not *res adjudicata,* for the reason that the old assessment is superseded by the reassessment. Those cases had reference to the old assessment, and were *res adjudicata* as to the questions raised therein; but they are not so as to the reassessment, further than a payment under the old assessment becomes by the ordinance a payment *pro tanto* under the reassessment   .   .   ."

III.   After the decree was entered in the former action, holding that the original roll was void, the city council passed Ordinance No. 1587, which provided for the making of a reassessment in pursuance of this ordinance. The board of public works prepared a proposed roll and submitted the same to the city council. This was rejected by resolution and a new reassessment directed. It is claimed that, after the submission of the first reassessment roll prepared by the board of public works, the power to proceed under the ordinance directing the same was exhausted, and that a further reassessment could not be made without the passage of a new ordinance. But obviously the power to proceed under the reassessment ordinance could not be exhausted until a roll

had been prepared and confirmed by the council or the ordinance repealed. The proposed roll had no validity or effect until confirmed. The right to reject is reposed in the council by the statute. Laws of 1911, p. 452.

Finding no error, the judgment will be affirmed.

CROW, C. J., ELLIS, MORRIS, and FULLERTON, JJ., concur.