[No. 13483.  Department Two.  November 22, 1916.]

ANNIE WILCE *et al., Appellants,* v. THE CITY OF CHENEY
*et al., Respondents.*[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS — RESOLUTION OF
INTENTION—SCOPE—SUFFICIENCY—STATUTES.  A resolution of inten-
tion to improve a number of streets by grading, constructing cement
sidewalks, gutters and "drainage culverts and catch basins," fairly
informs the property owners, as required by Rem. 1915 Code,
§ 7892-10, of the "nature" of an improvement including a storm
sewer six blocks long with five manholes, which was necessary for
the proper drainage of the improvement, and the cost of which was
less than six per cent of the cost of the entire improvement; espe-
cially where the diagram called for by the law was on file before the
time for filing remonstrances had expired and indicated the exact
nature of the proposed drainage system; since the law requires only
that the "nature" of the improvement be set forth in general terms.

SAME.  In such case, it is not necessary for the resolution to
specifically direct the street committee to prepare the diagram so as
to show the storm sewer and manholes and all the details, where
the intention was that such details be shown by the diagram, and
were in fact so shown.

Appeal from a judgment of the superior court for Spokane
county, Webster, J., entered January 18, 1916, dismissing an
action to enjoin a public improvement, tried to the court.
Affirmed.

*Graves, Kizer & Graves,* for appellants.

*Louis F. Bunge* and *Wakefield & Witherspoon (E. P.
Twohy,* of counsel), for respondents.

PARKER, J. — The plaintiffs, Annie Wilce *et al.,* com-
menced this action in the superior court for Spokane county,
seeking to have the city of Cheney and its officers enjoined
from constructing a proposed local street improvement and
charging the cost thereof by special assessment against the
property of the plaintiffs and others.  The cause being heard
upon the merits in the superior court, judgment was rendered

[1]Reported in 161 Pac. 72.

denying the relief prayed for by them, from which they have appealed to this court.

The contention of counsel for appellants is, speaking generally, that the city is proceeding without jurisdiction, or rather in the wrongful exercise of jurisdiction, in that the improvement, as finally ordered by ordinance and for the construction of which a contract was entered into, includes items of construction not mentioned or contemplated by the terms of the resolution of the city council declaring its intention to construct the improvement, and that, therefore, appellants had no opportunity to object to the improvement as finally ordered and contracted for by the city.

The controlling facts are not in dispute and may be summarized as follows: In May, 1915, the city council adopted a resolution declaring its intention to improve a number of the streets of the city by grading, constructing cement sidewalks, crosswalks, and gutters, and by "constructing drainage culverts and catch basins, as will more fully appear from the diagram and print which the committee on 'Streets and Alleys' is hereinafter ordered to provide; constructing a concrete gutter, also concrete curbs on First street between D street and G street." This quoted language is the only portion of the resolution which could be construed as having reference to the items of construction of which appellants complain. The resolution directs notice of hearing to be given, and also directs the committee on streets and alleys to prepare estimates of the cost of the proposed improvement, and also a diagram thereof and of the district showing the property to be charged with the cost thereof, as required by the local improvement law. Notice was accordingly duly given and an estimate and diagram also were prepared and filed. Upon this diagram there is designated as a part of the proposed improvement a storm sewer six blocks long in one of the streets proposed to be improved, and also five manholes in connection therewith. These are the principal items of construction complained of by appellants as not being provided for or men-

tioned in the resolution of intention. Thereafter, the time for remonstrances against the making of the improvement having expired, the city passed an ordinance finally ordering the construction of the improvement, including the storm sewer and manholes as designated upon the diagram filed in pursuance of the resolution of intention, and before the expiration of the time for filing remonstrances by the property owners. The contract for the construction of the improvement was accordingly entered into for the lump sum of $37,000. It is agreed that the storm sewer and five manholes designated upon the diagram as composing a part of the improvement would cost $2,173.50, or a little less than six per cent of the total cost of the entire improvement. The improvement district embraces about seventy-five ordinary city blocks, and the improvement is of substantially all of the portions of the streets bordering upon these blocks, so that the storm sewer and manholes in connection therewith form a comparatively small part of the improvement as to both quantity and cost. It was shown at the trial that the storm sewer and manholes in connection therewith were necessary to the proper drainage of the improvement, as much so as the catch basins and culverts which were specifically mentioned in the resolution of intention.

By the general local improvement law, the initiation of a local improvement proceeding may be either upon petition of the owners of property to be benefited by such improvement or directly by resolution of the city council. Section 10 of the law, relating to the initiation of such a proceeding by resolution, reads as follows:

"Any such improvement may be initiated directly by the city or town council by a resolution declaring its intention to order such improvement, setting forth the nature and territorial extent of such proposed improvement, and notifying all persons who may desire to object thereto to appear and present such objections at a meeting of the council at the time specified in such resolution; and directing the proper board, officer or authority to submit to the council at or prior

to the date fixed for such hearing the estimated cost and expense of such improvement, and a statement of the proportionate amount thereof which should be borne by the property within the proposed assessment district, and a statement of the aggregate assessed valuation of the real estate, exclusive of improvements, within said district according to the valuation last placed upon it for the purposes of general taxation, together with a diagram or print showing thereon the lots, tracts and parcels of land and other property which will be specially benefited thereby and the estimated amount of the cost and expense of such improvement to be borne by each lot, tract, or parcel of land or other property. Such resolution shall be published in at least two consecutive issues of the official newspaper of such city or town, the date of the first publication to be at least fifteen (15) days prior to the date fixed by such resolution for hearing before the city council. . . ." Laws of 1911, p. 444, § 10 (Rem. 1915 Code, § 7892-10).

It is insisted in appellants' behalf that the city council's resolution of intention to construct the improvement did not, as required by § 10 of the local improvement law above quoted, include the storm sewer and manholes which were constructed as a part of the improvement, so as to furnish appellants an opportunity to object to the construction of the improvement as finally ordered and contracted for by the city authorities. Counsel invoke a rule of strict construction and of strict compliance with the provisions of § 10 such as, they argue, find support in the early decisions of this court in *Buckley v. Tacoma*, 9 Wash. 253, 37 Pac. 441; *McAllister v. Tacoma*, 9 Wash. 272, 37 Pac. 447, 658, and *Kline v. Tacoma*, 11 Wash. 193, 39 Pac. 453, dealing with somewhat similar provisions of the then existing city charter of Tacoma. In the *Buckley* case, the initial resolution was in terms a resolution of intention, while the charter provided in terms that it should be a resolution ordering the improvement. It declared the council's intention as follows:

"To improve 'N' street in Buckley's addition from Steele street to Pine street at the expense of the abutting owners. Grading and sidewalking."

No survey or diagram of the proposed improvement was made or filed, as required by the charter, nor was the property to be charged with the cost of the improvement mentioned or described in any manner. Upon these facts, it was held that the city had proceeded with the construction of the improvement without jurisdiction. In the *McAllister* case, the resolution and notice thereof only showed the intention of the city to construct an improvement to consist of paving a roadway fifty-four feet wide with bituminous rock upon a six-inch concrete foundation. Thereafter a contract was let by the board of public works (not by the city council) for the improvement, to include the construction of curbs and sidewalks. We note that the added curbs and sidewalks in that case constituted a much larger proportion of the improvement than do the storm sewer and manholes of this improvement. Besides, it is plain that a resolution to merely pave the roadway of the street does not include the construction of sidewalks and, it might also be well argued, does not include the construction of curbs. These facts were held to show that the city proceeded without jurisdiction. In the *Kline* case, the city was held to have proceeded without jurisdiction because the improvement was attempted to be initiated by a mere resolution of intention, when the charter expressly provided that it should be initiated by a resolution *ordering* the improvement.

While we would not now be inclined to overrule those decisions were the facts there involved again presented to us under the provisions of the then existing charter of the city of Tacoma, we think they are not controlling here in the light of a later expression of this court and the present local improvement law. In *North Yakima v. Scudder*, 41 Wash. 15, 82 Pac. 1022, it was held that the estimates and plans on file might be looked to in aid of the resolution of intention, manifestly upon the theory that the estimates and plans on file, before the time for filing remonstrance by the property owners expires and after which the question of finally order-

ing the improvement is to be decided by the council, furnished the property owner information touching the nature of the improvement, as well as the initial resolution itself. It would seem then that, if this resolution of intention, together with the diagram filed in pursuance thereof and referred to therein, fairly informed appellants of the "nature" of the improvement, it cannot be said that the city proceeded without or in the wrongful exercise of its jurisdiction in finally ordering the construction of the improvement and contracting therefor. Now, it seems to us that the language of the resolution providing for "constructing drainage culverts and catch basins," etc., is a plain indication of the intention of the council to cause to be constructed a drainage system in connection with and as a part of the improvement, though the language of the resolution may not suggest any very elaborate or extensive drainage system. But it does refer to the diagram for further details as to the proposed drainage. This diagram was, as we have noticed, on file before the time for filing remonstrances expired and before the improvement was finally ordered, enabling appellants to readily learn the exact nature and extent of the proposed drainage system. An examination of the diagram shows that this comparatively short storm sewer and the few manholes in connection therewith are for the purpose of carrying the surface water away from the catch basins and culverts, and are manifestly necessary for that purpose, and a proper completion of the improvement, and constitute a very small part thereof as to both quantity and cost. Indeed, this storm sewer, considering the short distance it runs, its connection with the catch basins and culverts proper, and the entire district, is little else than a culvert within itself, though it is probably not strictly so in view of the fact that it does not run crosswise under the street. Yet it is manifestly little else than that in view of the purpose it serves. It seems to us that § 10 of the local improvement law above quoted, requiring that the resolution of intention shall set forth the "nature" of

the improvement, means only that the resolution shall set forth in general terms a description of the improvement, and that such a description complies with the law without the necessity of entering into details. We think that this resolution, read in connection with the diagram filed in pursuance thereof, was such a compliance with § 10 of the local improvement law as to enable us to say that the city was not proceeding in the wrongful exercise of its jurisdiction.

Some contention is made that the culverts and catch basins were also wrongfully included in the improvement. This contention is manifestly without merit, in view of the fact that "culverts and catch basins" are specifically mentioned in the resolution of intention as constituting a part of the proposed improvement.

Some contention is made resting upon the fact that the resolution of intention does not in terms seem to direct the streets and alleys committee to prepare the diagram so as to show the storm sewer, manholes, and other details of the construction of the improvement thereon. However, when the resolution of intention is read as a whole, it is, we think, plain that the council intended such details to be shown upon the diagram, as they are in fact shown. We conclude that the diagram in this respect was as effectual in informing the property owners of the nature of these items of construction as if the direction to the streets and alleys committee had been more specific in the resolution as to placing of this data upon the diagram.

We conclude that the superior court properly disposed of the cause, and its judgment is therefore affirmed.

MORRIS, C. J., MAIN, and HOLCOMB, JJ., concur.