C. H. MITCHELL, Frank Soderberg, Leland Patten, P. F. Debertin, Axel Olson, and Joe Waldock, on their own behalf and as residents and taxpayers of the City of Parshall, North Dakota, and on behalf of all other residents and taxpayers similarly situated, Plaintiffs and Respondents,

v.

CITY OF PARSHALL, a municipal corporation of the State of North Dakota; and Albert Spitzer, as Mayor of the City of Parshall; and William P. Martens, as City Auditor of the City of Parshall; and Larson and Teigen Construction Company, a foreign corporation, Defendants,

and

City of Parshall, a municipal corporation of the State of North Dakota, Defendant and Appellant.

No. 7844.

Supreme Court of North Dakota.

March 9, 1961.

Gerald W. Krengel, Parshall, for defendant and appellant.

Joseph J. Funke and Jonathan C. Eaton, Jr., Minot, for plaintiffs and respondents.

ROY K. REDETZKE, District Judge.

This is an appeal from the decision of the trial court granting the relief prayed for in the plaintiffs' complaint, wherein the plaintiffs sought to have a contract entered into between the City of Parshall, North Dakota, and the defendant Larson and Teigen Construction Company declared illegal and void. The contract was made and entered into by and between the parties on May 12, 1958, wherein the said defendant company agreed to furnish certain materials and construct street improvements, including storm drainage, curbs and gutters in the said City of Parshall.

The material facts concerning the validity of said contract so attacked are as follows: On February 3, 1957, the City of Parshall by resolution created curb, gutter, street and storm sewer District No. 1 in said city. Thereafter and on April 7, 1958, a resolution of necessity was presented to the city council of Parshall, and at the same meeting the plans and specifications for the improvements in said District No. 1 were approved, together with "estimate cost of plans and specifications

for street improvements, to include storm drainage, curb, gutter, sub base and stabilized base for the City of Parshall, N. Dak. Carried." At a special meeting of the city council of the City of Parshall on May 12, 1958, protests as to the proposed improvements were considered and declared inadequate. At said meeting the bid of the defendant company for the street improvement work in said District No. 1 in the sum of $158,740.50 was approved and a contract for the work was executed between the defendant city and the said company. This contract is the one now being attacked in this proceeding.

It is contended by the plaintiffs that the resolution creating improvement District No. 1 of the City of Parshall is invalid because at the meeting at which said resolution was passed on February 3, 1957, the yea and nay vote of the respective members of the city council in attendance was not taken and entered in the minutes of that meeting. The statute of the State of North Dakota which was in effect on that date provides as follows:

"The yeas and nays shall be taken and entered on the journal of the governing body's proceedings upon the passage of all ordinances and upon all propositions creating any liability against the city or providing for the expenditure or appropriation of money, and in all other cases at the request of any member." Section 40–1103, NDRC 1943.

The case of Pickton v. City of Fargo, 10 N.D. 469, 88 N.W. 90, is cited by counsel for the plaintiffs herein as authority for their contention that the creation of an improvement district by the governing body of a municipality is controlled by said statute. However, in that case the improvement district was created by ordinance. In the instant case the City of Parshall created the improvement district by resolution, and not by an ordinance. Section 40-2208, 1957 Supplement to NDRC 1943, which was in effect on February 3, 1957,

specifically authorized the creation of a special improvement district by ordinance or resolution. This authority was vested in the governing body of a municipality by Chapter 267, Section 2, Session Laws of North Dakota for 1949. Prior to that time and from 1943, under Section 40–2208 NDRC 1943, any municipality which financed the making of any improvements specified by law through special assessments was required to "create the appropriate special improvement district or districts by ordinance."

There is a definite distinction between an ordinance and a resolution of a governing body of a municipality. In the case of Baker v. Lake City Sewer District, 30 Wash. 2d 510, 191 P.2d 844, 848, this distinction is stated as follows:

"The term 'resolution' as applied to the act of an official body such as a city council or a board of county commissioners ordinarily denotes something less solemn or formal than the term 'ordinance,' and, generally speaking, is simply an expression of the opinion or mind of the official body concerning some particular item of business or matter of administration coming within its official cognizance."

Further, in the case of Kalamazoo Municipal Utilities Association v. City of Kalamazoo et al., 345 Mich. 318, 76 N.W. 2d 1, 61 A.L.R.2d 583, the differentiation is established by the Michigan Supreme Court by its decision in these words:

"A 'resolution' is not a law or an ordinance, but merely the form in which a legislative body expresses a determination or directs a particular action. An 'ordinance' prescribes a permanent rule for conduct of government, while a 'resolution' is of a special or temporary character."

Similar holdings have been made by the courts of other jurisdictions in the following cases: Collins v. City of Schenectady, 256 App.Div. 389, 10 N.Y.S.2d 303, 307; Allen v. Wise, 204 Ga. 415, 50 S.E.2d 69, 71; Certain Lots Upon Which Taxes are Delinquent v. Town of Monticello, 159 Fla. 134, 31 So.2d 905, 911.

The general rule is also stated to be that:

"While the terms 'resolution' and 'ordinance' have been used interchangeably, and the term 'resolution' has been held to be the equivalent of the term 'ordinance,' a resolution generally is less solemn and formal than an ordinance. A resolution has also been distinguished from an ordinance in that an ordinance is a continuing regulation, a permanent rule of conduct or government, while a resolution ordinarily is an act of a special or temporary character, not prescribing a permanent rule of government, but is merely declaratory of the will or opinion of a municipal corporation in a given matter, and in the nature of a ministerial or administrative act, and is not a law." 62 C.J.S. Municipal Corporations § 411, p. 786, notes 33–39.

By the passage of Chapter 267, Section 2, Session Laws of 1949, which provided for the creation of a special improvement district by ordinance or resolution of the governing body of a municipality, the legislature of the State of North Dakota intended to and did remove the necessity of taking the yea and nay votes of the members of the governing body and entering them on the journal of the governing body's proceedings, if such action is taken by resolution. It follows, therefore, that the resolution of the council of the City of Parshall, dated February 3, 1957, creating the curb, gutter, street and storm sewer District No. 1 in said City was valid, and that the said district was legally created.

However, before the contract between the defendant City of Parshall and the defendant Larson and Teigen Construction Com-

pany can be declared to be valid and legal, it is necessary that certain fundamental requirements of the special assessment laws of the State of North Dakota be complied with by the defendant city.

After a special improvement district has been created the governing body of a municipality shall direct the engineer of the municipality, or some other competent engineer, if the municipality does not have a competent engineer, to prepare plans and specifications for the work, and such engineer shall supply an estimate of the probable cost of the work. Section 40–22–10, NDCC. Such plans and specifications and the estimate of the probable cost of the work shall be approved by a resolution of the governing body of the municipality. Section 40–22–11, NDCC.

Furthermore, another statutory prerequisite is that after the plans, specifications and estimates of the cost of the improvements have been filed and approved, the governing body of the municipality by resolution shall declare that it is necessary to make the improvements described therein. Such resolution shall refer intelligibly to the plans, specifications, and estimates, and shall be published as required by law. Section 40–22–15, NDCC.

■ An attempt was made by the city council of the defendant City to comply with the above provisions of the law at its meeting of April 7, 1958. At that meeting a motion was made and seconded that a resolution of necessity be approved. However, the record does not show that a vote was taken on the proposed resolution which resulted in its passage. The requirement of the passage of this resolution is mandatory and an absolute prerequisite to any further proceedings. Kvello v. City of Lisbon, 38 N.D. 71, 164 N.W. 305.

■ Since the record does not show the passage of a resolution of necessity for the improvements which are the subject of the contract between the City of Parshall and the Larson and Teigen Construction Company, the contract is void. The judgment appealed from is affirmed.

SATHRE, C. J., and BURKE, MORRIS and TEIGEN, JJ., concur.

STRUTZ, J., deeming himself disqualified, did not participate, ROY K. REDETZKE, District Judge, one of the Judges of the First Judicial District, sitting in his stead.