John H. JULIAN and Helen M. Julian, Appellants,

v.

The MAYOR, COUNCILMEN AND CITIZENS OF the CITY OF LIBERTY, a municipal corporation, Respondent.

No. 51062.

Supreme Court of Missouri,

Division No. 2.

June 14, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied July 12, 1965.

Wm. Coleman Branton, Kent E. Whittaker, Kansas City, Brewer, Myers & Branton, Kansas City, of counsel, for plaintiffs-appellants, John H. Julian, Helen M. Julian.

William E. Turnage, Liberty, for respondents.

STOCKARD, Commissioner.

In their petition for injunctive relief against the "Mayor, Councilmen and Citizens of the City of Liberty" (designated by Laws of Missouri 1860–61, p. 210, as a body corporate and politic with authority to sue and be sued by that name, but hereafter referred to as the "City of Liberty" or as "defendant") plaintiffs alleged that the City of Liberty had purported to annex an unincorporated area, including land belonging to them, without complying with the provisions of Section 71.015 (all statutory references are to RSMo 1959, V.A.M.S.) known and hereafter referred ʼo as the "Sawyers Act." The prayer was that the purported annexation be declared null and void, and that the defendant be enjoined from exercising any jurisdiction over the area. The City of Liberty filed a motion to dismiss the petition on the grounds that (1) the Sawyers Act does not apply to the City of Liberty because it is a special charter city, and (2) the Sawyers Act is unconstitutional because it is too indefinite and uncertain to permit a construction thereof "which would give effect to any sufficiently clearly expressed intention of the legislature." The trial court sustained the motion "on each and both grounds stated therein" and entered judgment accordingly.

Plaintiffs have appealed to this court on the theory that a constitutional question is involved within the meaning of Art. V, Sec. 3, Const. of Mo., V.A.M.S., but defendant states in its brief that it does not now contend that the Sawyers Act is unconstitutional. However, the trial court has held the Sawyers Act to be unconstitutional, and plaintiffs have preserved and presented that issue for appellate review. Defendant's position that it will not attempt to sustain the ruling of the trial court does not remove the issue from the case. Jurisdiction of this appeal is in this court because of a live constitutional question.

The City of Liberty was incorporated as a special charter city in 1861, Laws of Missouri 1860–61, p. 209, and has so remained. This legislative special charter is to be distinguished from the constitutional special charter for a municipality authorized by Mo.Const.1945, Art. VI, Sec. 19. Therefore, the application of the Sawyers Act to the City of Liberty is not affected by the principle announced in McConnell v. City

of Kansas City, Mo., 282 S.W.2d 518, and City of Hannibal v. Winchester, Mo., 391 S.W.2d 279.

Generally speaking, the extension of the boundaries of a city is purely a political matter within the discretionary prerogative of the legislative branch of the government, and it is a legislative function which may be exercised without judicial restraint absent an arbitrary and oppressive exercise of its legislative power. City of St. Joseph v. Hankinson, Mo., 312 S.W.2d 4. There is no contention made in this case that the Legislature may not grant to a special legislative charter city by general legislation the authority to extend its limits by annexation, and also to prescribe the procedure to be followed in the exercise of that authority. It is agreed by the parties that the authority for the City of Liberty to extend its limits by annexation is set forth in Section 81.080 as follows: "Any city or town of less than twenty thousand inhabitants and having a special charter, * * * may at any time extend its limits by ordinance, specifying with accuracy the new lines to which it is proposed to extend such limits." The basic question of this case is whether the above statute, in addition to granting the authority to annex, sets forth all the procedure necessary to be followed in the exercise of that authority, or whether the provisions of the Sawyers Act also are applicable and compliance therewith constitute essential steps in the required procedure for annexation.

The Sawyers Act was enacted in 1953, and provides that "Whenever the governing body of any city has adopted a resolution to annex any unincorporated area of land, such city shall, before proceeding as otherwise authorized by law or charter for annexation of unincorporated areas, file an action in the circuit court of the county in which such unincorporated area is situated, under the provisions of chapter 527 RSMo, praying for a declaratory judgment authorizing such annexation."

It is then further provided that the petition for a declaratory judgment shall state facts showing the area to be annexed, that such annexation is reasonable and necessary to the proper development of the city, and the ability of the city to furnish normal municipal services of the city within a reasonable time after the annexation is to become effective. By its terms, the Sawyers Act, if applicable at all, applies to "any city," and that includes all cities of all classes, City of Olivette v. Graeler, Mo., 338 S.W.2d 827, 833, except those where the terms of the Sawyers Act conflict with the constitutional provisions relating to annexation, McConnell v. City of Kansas City, supra, and those cities to which the Sawyers Act is made inapplicable by subsequent legislation. See Section 71.920, Laws of Missouri 1963, p. 126, V.A.M.S. pocket parts. The contention of the City of Liberty, as set forth in its brief, is that the term, "Whenever the governing body of any city has adopted a resolution to annex" etc., means "when and if" the governing body adopts a resolution to annex. It then argues that a "resolution to annex" is not required by Section 81.080 and, therefore, since the City of Liberty was not required to and did not adopt a resolution to annex, there is no requirement that in order to extend its limits pursuant to the authority of Section 81.080 it must obtain the declaratory judgment referred to in the Sawyers Act.

The basic rule of construction of a statute is to seek the intention of the Legislature, Laclede Gas Co. v. City of St. Louis, 363 Mo. 842, 253 S.W.2d 832, which should be ascertained from the words used, if that is possible, Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122, and in doing so the words should be given their plain and ordinary meaning so as to promote the object and manifest purpose of the statute. Baker v. Brown's Estate, 365 Mo. 1159, 294 S.W.2d 22. See also City of St. Joseph v. Hankinson, supra. "The term 'resolution' denotes something less formal than the

term 'ordinance;' generally, it is a mere expression of the opinion or mind of the council concerning some matter of administration coming within its official cognizance, and provides for the disposition of a particular item of the administrative business of a municipal corporation. * * * A resolution is not a law, and in substance there is no difference between a resolution, order, and motion." 37 Am.Jur. Municipal Corporations § 142; 62 C.J.S. Municipal Corporations § 411; Vol. 5, McQuillin, Municipal Corporations, § 15.02; Baker v. Lake City Sewer Dist., 30 Wash.2d 510, 191 P.2d 844; Mitchell v. Parshall, N.D., 108 N.W.2d 12; Kalamazoo Municipal Utilities Association v. City of Kalamazoo, 345 Mich. 318, 76 N.W.2d 1, 61 A.L.R.2d 583. In the absence of some express requirement, a resolution need not be in any set or particular form, 37 Am.Jur. Municipal Corporations § 145, and while a resolution "is a very different thing" from an ordinance, City of Cape Girardeau v. Fougeu, 30 Mo.App. 551, 556, and will not suffice when action on the part of a municipality is required to be taken by ordinance, Schmoll v. Housing Authority of St. Louis County, Mo., 321 S.W.2d 494, 499, every ordinance necessarily includes all the essential elements of a resolution.

Turning now to the language of the Sawyers Act, it provides that whenever the governing body of any city has adopted a resolution to annex, or stated another way, whenever the governing body of any city has expressed its intention to annex any unincorporated area of land, then "before proceeding as otherwise authorized by law or charter" the declaratory judgment provided for therein shall be obtained. We consider it to be immaterial how that intention to annex is expressed, that is, by a resolution denominated as such, by a motion or order of the governing body of the city, or by an ordinance, which is more than but includes all the elements of a resolution.

The name given to the action of the governing body is not the controlling factor. The clearly expressed intent of the Legislature in enacting the Sawyers Act was that any city to which the Act is applicable shall not proceed beyond the expression of intent to annex until it obtains the declaratory judgment therein required, and to hold otherwise would be to give an extremely technical construction to the words used, and would result in thwarting the obvious purpose of the statute. We hold in this case that the Sawyers Act by its terms is applicable to the City of Liberty, and that once the governing body thereof announced its intention to annex an unincorporated area of land, regardless of how that intention was expressed, the requirements of the Sawyers Act became mandatory, and constituted a condition precedent to the exercise of the delegated legislative authority to annex an unincorporated area.

We need not discuss at length the issue of the constitutionality of the Sawyers Act. The City of Liberty has abandoned its contentions pertaining to this issue though successfully made in the trial court. It is sufficient to say that the reasons advanced in the trial court in support of the contention that the Sawyers Act is unconstitutional were advanced to this court in City of St. Joseph v. Hankinson, Mo., 312 S.W. 2d 4, and there ruled to be without merit.

The judgment of the trial court dismissing plaintiff's petition is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.