[No. 26288. *En Banc.* August 20, 1936.]

THE STATE OF WASHINGTON, on *the Relation of The Washington Water Power Company, Plaintiff,* v. THE SUPERIOR COURT FOR STEVENS COUNTY *et al., Respondents.*[1]

*Post, Russell, Davis & Paine,* for relator.

*F. Leo Grinstead* and *Griffiths & Cluck,* for respondents.

MITCHELL, J.—The board of county commissioners of Stevens county, Washington, in December, 1935, pursuant to chapter 1, Laws 1931, p. 3, Rem. Rev.

[1]Reported in 60 P. (2d) 263.

Stat., § 11605 [P. C. § 4498-11] *et seq.,* adopted a resolution providing that there be submitted to the voters of that county, at the general election to be held in that county November, 1936, the proposition of creating a public utility district, *coextensive with the limits of the county,* to be known as public utility district No. 1. Thereupon, the Washington Water Power Company, a corporation, a taxpayer, brought an action in the superior court to enjoin the election board in that county from submitting the proposition to the voters. The cause was heard upon the complaint, an amended answer and a reply. Judgment was entered denying relief and dismissing the action. The case has been presented in this court upon the petition of the plaintiff to review that judgment.

The city of Chewelah is in Stevens county, and, claiming that, according to the record in the case, the city owns and operates all the utilities authorized by the act, relator contends that a county-wide district cannot be organized because of the provisions of § 12, p. 29, Rem. Rev. Stat., § 11616 [P. C. § 4498-22], of the act (especially that portion of it which we italicize) as follows:

"Sec. 12. This act shall not be deemed or construed to repeal or affect any existing act, or any part thereof, relating to the construction, operation and maintenance of public utilities by irrigation or water districts or other municipal corporations, but shall be supplemental thereto and concurrent therewith. *No public utility district created hereunder shall include therein any municipal corporation, or any part thereof, where such municipal corporation already owns or operates all the utilities herein authorized; Provided,* that in case it does not own or operate all such utilities it may be included within such public utility district for the purpose of establishing or operating therein such utilities as it does not own or operate: *Provided, further,* That no property situated within any irriga-

tion or water districts or other municipal corporations shall ever be taxed or assessed to pay for any utility, or part thereof, of like character to any utility, owned or operated by such irrigation or water districts or other municipal corporations.''

Counsel for relator say this is the only question for consideration, in view of the recent decisions of *Royer v. Public Utility Dist. No. 1 of Benton County,* 186 Wash. 142, 56 P. (2d) 1302, and *State ex rel. Underwood v. Superior Court,* 186 Wash. 700, 59 P. (2d) 1184, sustaining the validity of the power and water district act.

The defendants deny that the record in this case shows that the city of Chewelah owns or operates all of the utilities authorized by the act, and contend that it clearly shows the contrary. It may be stated that, in our opinion, the weight of the testimony is in favor of the contention of the defendants upon this question.

Still further, however, the act provides for two kinds of districts, territorially: One, coextensive with the county; the other, of less area than the county. The first kind is created by the act of the legislature; the other, by petition of the electors fixing the boundaries in their petition. Section 12, p. 29, of the act is, of course, the language of the legislature, and contains nothing inconsistent with the idea that the author of that language may itself create a public utility district coextensive with the county and bring it into operation by a majority vote of the electors of the county. Such was the holding in our recent cases hereinbefore mentioned. That is the procedure being followed in this case.

Judgment affirmed.

ALL CONCUR.