[No. 27385. Department Two. May 19, 1939.]

PUBLIC UTILITY DISTRICT No. 1 OF WHATCOM COUNTY
*et al., Appellants,* v. THE SUPERIOR COURT FOR
WHATCOM COUNTY *et al., Respondents
and Cross-appellants.*[1]

[1]Reported in 90 P. (2d) 737.

*Houghton, Cluck & Coughlin* and *Brown & Mill-house,* for appellants.

*Sather & Livesey, R. S. Lambert,* and *Orville K. Algyer,* for respondents and cross-appellants.

BEALS, J.—Public utility district No. 1, of Whatcom county, and its commissioners, instituted this action by filing their complaint against John W. Sheets, individually and as mayor of the city of Blaine, and Carl A. May, individually and as mayor of the city of Sumas, alleging the organization of the district, with boundaries coextensive with Whatcom county, and that the commissioners had proposed the levy by the district of a two mill tax upon all property within Whatcom county, for the purpose of acquiring electric utilities and the other utilities contemplated by Laws of 1931, chapter 1, p. 3, Rem. Rev. Stat., § 11605 [P. C. § 4498-11] *et seq.* It was alleged that the defendants, individually and as mayors of their respective cities, claimed that the district and its commissioners had no authority to cause to be levied or collected any tax upon property located within the corporate limits of the cities above named, plaintiffs asking that a declaratory judgment be entered, adjudicating the right of plaintiff district to levy a tax for its corporate purposes upon the property within the boundaries of the cities.

Defendant Sheets, individually and as mayor of Blaine, answered, denying the material allegations of the complaint, and affirmatively alleging that he had been authorized by the city to appear in the action and present certain questions of common interest to the taxpayers of the city; that the city of Blaine owns and operates a complete water system, adequate for all purposes; that the city also owns and operates facilities for the distribution of electricity within its

limits, which is used for the purpose of distributing electric current purchased by the city at wholesale from Puget Sound Power & Light Company, a public service corporation, which current the city sells at retail to its customers within its boundaries; that the city is under contract to purchase such electric current until some date during the year 1939. The defendant also pleaded the contention that, before any tax could be imposed upon property within the city of Blaine pursuant to the levy made by plaintiff district, it would be necessary for plaintiff to establish that the money to be raised pursuant to the levy would be expended solely for the acquisition or operation of a utility which the city does not own or operate; that the budget adopted by plaintiff district shows no segregation of items of proposed expenditure for different utilities; that many of the items appearing in the budget do not refer to any particular utility; and that the tax imposed upon property within the boundaries of the city of Blaine is therefore illegal and void.

Defendant May answered, individually and as mayor of Sumas, denying many of the allegations of plaintiffs' complaint, and affirmatively pleading that he was mayor of the city of Sumas and a taxpayer of that city; that the city owns and operates facilities for the distribution of electricity within its boundaries, purchasing the current from Puget Sound Power & Light Company, and selling the same at retail to its customers within its boundaries.

Both answers referred to Laws of 1931, chapter 1, authorizing the establishing of public utility districts, alleged that property within the limits of the cities was exempt from taxation by plaintiff district for the purpose of furnishing electricity to the inhabitants of the district, and the answer of defendant May at-

tacked the organization of plaintiff district under the act.

Plaintiffs replied to the answers.

Harry W. Ingersoll and R. C. Atwood, as assessor and treasurer, respectively, of Whatcom county, filed their complaint in intervention, asking for a declaratory judgment adjudicating that it was the right and duty of interveners to levy and collect the tax levied by plaintiff district, as set forth in its complaint, against all property within the boundaries of the district, including property located within the two cities above referred to.

The action was tried to the court sitting without a jury, and resulted in a declaratory judgment to the effect that plaintiff district is a municipal corporation, duly and regularly organized pursuant to Laws of 1931, chapter 1, having boundaries coextensive with Whatcom county; that a municipal corporation such as defendant cities might be included within the territorial limits of a county-wide public utility district, but, nevertheless, might not be within such district for all the purposes authorized by the statute above referred to; that the cities above named are not included within plaintiff district for the purpose of establishing, acquiring, or operating electrical distribution systems, and the property within the cities cannot be taxed by plaintiff district for that purpose; and that the city of Blaine is not included in plaintiff district for the purpose of establishing a water system, and the property within that city cannot be taxed for that purpose.

The court further held that items 3, 4 and 9, of the 1938 budget adopted by plaintiff district, being the following items of that budget,

"Engineering services, including those necessary and proper to enable the district to acquire and place into

operation the properties of the private electric companies doing business within Whatcom county, and/or other utilities, including the preparation of maps and surveys, preliminary valuations and operating schedules, formulation of plan and system of development.

"Legal services, including those necessary and proper to establish the valid organization of the district and to enable the district to acquire and place into operation the properties of the private electric companies doing business within Whatcom county, and/or other utilities, by methods of acquisition other than condemnation.

"Expenditures for purposes of condemnation of the properties of private electric companies, and/or other utilities doing business within Whatcom county, in event such proceedings are prosecuted, including preparation of the field inventory and appraisals, court costs and payments on account of legal services,"

are for the primary purpose of acquiring an electrical distribution system, and that no property located within the two cities above named could be taxed to raise funds for the purposes referred to in the items above quoted.

The court further held that the district could levy taxes on the property within the two cities for purposes mentioned in the district's budgets for 1938 and 1939, save for the items referred to above.

From this judgment, plaintiffs and interveners have appealed. Defendants have also appealed from the judgment, save in so far as the same is in accord with their contentions.

Appellants assign error upon the entry of judgment holding that appellant district and its commissioners have no authority to levy any tax upon property within the limits of the cities of Blaine and Sumas for the purpose of establishing, acquiring, or operating an electrical distribution system, and that appellant district cannot levy a tax upon property within the boun-

daries of the city of Blaine for the purpose of establishing, acquiring, or operating a water system. Appellants also assign error upon the refusal of the trial court to enter judgment, as prayed for in the complaint, holding that appellants have the right, and that it is their duty, to levy the taxes which are the subject matter of this action, uniformly upon all property in Whatcom county, including that located within the cities of Blaine and Sumas.

Respondents and cross-appellants assign error upon the judgment of the trial court in so far as the same holds that appellant utility district was organized in accordance with the statute providing for the organization of such districts, and upon that portion of the judgment holding that the district may impose taxes upon property within the boundaries of the city of Blaine and Sumas, pursuant to its budgets for the years 1938 and 1939.

Appellants also, as relators, applied to this court for a writ of certiorari to review the judgment above referred to, but as the matter is also before us on their appeal from the judgment, we consider the case as presented by the appeal.

For convenience, we shall refer to plaintiffs and interveners as appellants, and to defendants and cross-appellants as respondents.

We shall first consider the questions presented by respondents' cross-appeal from that portion of the judgment holding that appellant district's organization is valid.

Laws of 1931, chapter 1, p. 3 (Rem. Rev. Stat., § 11605 [P. C. § 4498-11] *et seq.*), provides for the establishing of public utility districts, with certain statutory powers, as provided in the act. Section 3 of the act, p. 4 (Rem. Rev. Stat., § 11607 [P. C. § 4498-13]), provides for the organization of public utility

districts by either of two statutory methods. A district may be constituted by a vote of the people at an election called by the county commissioners, proceeding on their own initiative, or by vote at a general election called pursuant to a petition signed by a required number of electors, asking that such an election be called.

In the instant case, it appears that the county commissioners called an election without awaiting the filing of any petition therefor, the law providing that in such cases the county commissioners may establish the boundaries as coextensive with those of the county.

Respondents contend, first, that, as the statute provides that a county-wide utility district may include a city which does not own and operate all the utilities referred to in the act, no public utility district could be organized to include all of Whatcom county, as the cities of Blaine and Sumas operate the public utilities above referred to. The act authorizes utility districts to acquire, construct, and operate water, irrigation, and electric systems. The city of Blaine owns and operates its water system, and owns and operates a system for the distribution of electric current, but owns no plant for the generation of electricity. The city of Sumas owns and operates a plant for the distribution of electric current, but no generating plant.

This court has held that a county-wide public utility district may be organized, even though certain municipal corporations whose territorial limits are embraced within the county, own and operate some of the utilities authorized by Laws of 1931, chapter 1, above referred to. *Royer v. Public Utility Dist. No. 1,* 186 Wash. 142, 56 P. (2d) 1302; *State ex rel. Washington Water Power Co. v. Superior Court,* 187 Wash.

309, 60 P. (2d) 263; *Hillier v. Public Utility Dist. No. 3,* 188 Wash. 602, 63 P. (2d) 392.

Neither Blaine nor Sumas either owns or operates all the utilities authorized by Laws of 1931, chapter 1.

We hold that the organization of appellant district was not invalid because it included within its limits the cities of Blaine and Sumas.

■ Respondents also contend that it should be held that the organization of appellant district was invalid because the proceedings of the county commissioners, in calling the election at which the voters declared in favor of the organization of the district, were defective. The commissioners, at a meeting held December 30, 1935, passed a resolution which, after reciting that it was the manifest desire of a large number of people of Whatcom county that a public utility district in Whatcom county be organized, continued:

"THEREFORE BE IT RESOLVED: That it be and hereby is the expressed intention of this board to call an election for the purpose of forming a public utility district in Whatcom county, at the next general election to be held in the fall of 1936, under the powers vested in this board as provided in chapter 1, of the Laws of 1931, of the state of Washington; that the voters of Whatcom county may be given an opportunity to express their desires in the matter of whether or not a public utility district shall be formed in Whatcom county."

Respondents argue that the resolution is defective, in that it does not in direct terms call an election, but merely expresses an intention on the part of the board to call an election, and for the further reason that the resolution fails to indicate the boundaries of the proposed district. Respondents call attention to the fact that the resolution is entitled "Resolution of

Intention," as supporting their argument that the resolution did not call any election.

It does not appear that the board took any action other than the adoption of this resolution. The proposal to form a public utility district was submitted to the voters at the general election following the adoption of the resolution, and the majority of the electors voted in favor of the formation of the district, and such an organization was regularly set up.

Proper notice to the electors of Whatcom county, advising them of the proposition to be submitted to them for adoption or rejection, was given in the following form:

"Shall a public utility district, to be known as Public Utilities District No. 1, of Whatcom county, which shall be coextensive with the limits of Whatcom county, be established under the provisions of chapter 1, of the Laws of 1931, of the state of Washington?"

Respondents, in support of their contention that the resolution affords no sufficient basis for the election which was held, cite *Buckley v. Tacoma,* 9 Wash. 253, 37 Pac. 441; *Kline v. Tacoma,* 11 Wash. 193, 39 Pac. 453; and *Gower v. Tacoma,* 12 Wash. 657, 40 Pac. 418. In these cases, a provision of the Tacoma city charter, very different from the portion of the statute here under discussion, providing for the formation of local improvement assessment districts, was considered. The formation of such a district leads to the installation of some local improvement, to be paid for by assessments levied on property specially benefited thereby. The preliminary proceedings lead not to a general or special election, but to decisive action by the legislative authority of the municipality, which action is based only upon the matters referred to.

In the case at bar, it is not contended that the notice of the election was inadequate, or that the voters

did not understand the questions submitted to them, or that the vote cast did not reflect the will of the electors. In proceedings leading up to the formation of a local assessment district such as were questioned in the cases cited by respondents, the resolution of the legislative authority of the city ordering the improvement is the final expression of the legislative will. In the case at bar, the resolution of the board of county commissioners was simply a preliminary step in the statutory procedure for the submission of the proposition to the voters of the county, with whom should rest the final determination of the organization or non-organization of the utility district.

The cases cited are not controlling on the question here presented. We hold that the resolution of the county commissioners, while somewhat informal and not happily phrased, was a sufficient basis for calling the special election which was actually held.

Respondents also contend that the resolution is defective in that it does not set forth the boundaries of the proposed utility district. The county commissioners, on their own initiative, could submit to the voters of the county a proposition for the establishment of a county-wide district, and no other. The notice of the election properly defined the territorial limits of the district, and we hold that the resolution of the commissioners in that particular also affords a sufficient legal basis for the election which was subsequently held.

In the case of *State ex rel. Washington Water Power Co. v. Superior Court,* 187 Wash. 309, 60 P. (2d) 263, it was sought to enjoin the formation of a county-wide public utility district, because the city of Chewelah was located within the county, and it was contended by the relator that the city owned and operated all the utilities referred to in the public utility district

act. The trial court denied the application for an injunction, and on appeal this judgment was approved. This court was of the view that the weight of testimony indicated that the city of Chewelah did not own and operate all of the utilities referred to in the act. The opinion is authority for the ruling of the trial court in the case at bar to the effect that the inclusion of the cities of Blaine and Sumas within the district was proper and in accord with the statute.

In the case of *Hillier v. Public Utility Dist. No. 3*, 188 Wash. 602, 63 P. (2d) 392, it was held that the organization of a utility district within a county did not preclude the organization of a county-wide district.

We hold that appellant district was organized in accord with the statute, and that the trial court properly ruled against respondents on this phase of the case.

We shall now consider the questions presented by appellants under their assignments of error.

█ The trial court held that appellant district has no power to levy any tax upon property located within the cities of Blaine and Sumas, for the purpose of purchasing or constructing utilities which would duplicate the utilities already owned and operated by the cities. Appellants assign this ruling of the trial court as error. In § 3, chapter 1, Laws of 1931, p. 4 (Rem. Rev. Stat., § 11607), referring to districts less than county-wide, it is provided, *inter alia,* that,

"If upon the final hearing the board of county commissioners shall find that any lands have been unjustly or improperly included within the proposed public utility district and will not be benefited by inclusion therein, the said board shall change and fix the boundary lines in such manner as it shall deem reasonable and just and conducive to the public welfare and convenience."

It appears that, as to such districts, the legislature intended that property which will not be benefited by inclusion in the proposed district shall be excluded therefrom.

Section 12 of the utility district act, p. 29 (Rem. Rev. Stat., § 11616 [P. C. § 4498-22]), reads as follows:

"This act shall not be deemed or construed to repeal or affect any existing act, or any part thereof, relating to the construction, operation and maintenance of public utilities by irrigation or water districts or other municipal corporations, but shall be supplemental thereto and concurrent therewith. No public utility district created hereunder shall include therein any municipal corporation, or any part thereof, where such municipal corporation already owns or operates all the utilities herein authorized; Provided, that in case it does not own or operate all such utilities it may be included within such public utility district for the purpose of establishing or operating therein such utilities as it does not own or operate: Provided, further, That no property situated within any irrigation or water districts or other municipal corporations shall ever be taxed or assessed to pay for any utility, or part thereof, of like character to any utility, owned or operated by such irrigation or water districts or other municipal corporations."

From this section, it clearly appears that it is not the intent of the law that a utility district may, within the boundary of a municipal corporation, duplicate utilities already owned or operated by the municipality, and assess the property within the boundaries of such municipal corporation for such duplication. The territory embraced within the limits of the cities may be included within the utility district, because the cities do not own or operate all of the utilities contemplated by Laws of 1931, chapter 1, but their property cannot be taxed to construct, purchase, or support public utility district utilities already owned or

operated by the cities. The budgets prepared by appellant district did not attempt to segregate the amounts of the proposed expenditures to be made from moneys raised from taxes levied upon the property within appellant district, nor do they show how much was to be expended for electric distribution systems, and how much for the construction of plants for the purpose of generating power. The trial court properly held that appellant district has no right to levy a tax upon the property within the corporate limits of Blaine and Sumas for the purposes referred to in the portions of appellants' budget above quoted.

Appellants contend that any exemption of the cities of Blaine and Sumas from the utility district tax levy would constitute a violation of the fourteenth amendment of the constitution of this state, which provides in part:

"All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax and shall be levied and collected for public purposes only."

The exemption of property within a municipal corporation which already operates a public utility, from taxes levied to pay for the establishment of a utility of like character by another municipal corporation, is a reasonable classification, and applies to all municipalities similarly situated.

Finding no error in the record, the judgment appealed from is affirmed.

BLAKE, C. J., MILLARD, GERAGHTY, and SIMPSON, JJ., concur.