**QUEETS BAND OF INDIANS, et al.,**
**Plaintiffs-Appellees,**

v.

**The STATE OF WASHINGTON et al.,**
**Defendants-Appellants.**

**MUCKLESHOOT INDIAN TRIBE,**
**Plaintiff-Appellee,**

v.

**The STATE OF WASHINGTON, et al.,**
**Defendants-Appellants.**

**Nos. 83–3644, 83–3646.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 1983.

Decided Sept. 2, 1983.

Carl Ullman, Michael P. O'Connell, Taholah, Wash., for defendants-appellants.

Timothy R. Malone, Olympia, Wash., for plaintiffs-appellees.

Before WRIGHT, SKOPIL and POOLE, Circuit Judges.

The district court permanently enjoined the state from enforcing its motor vehicle licensing and registration requirements on vehicles licensed and registered by the appellee tribes, reasoning that each tribe was a "jurisdiction" as defined in Wash.Rev. Code § 46.85.020(2), for the purposes of reciprocal immunity from these requirements as provided in Wash.Rev.Code § 46.85.080. On appeal, we grant the state's motion to have this question of local law certified to the Washington Supreme Court for consideration.

## FACTS

The Quinault Indian Nation (Queets) and the Muckleshoot Band of Indians (Muckleshoots) are federally recognized tribes that govern reservations within the boundaries of Washington. In 1974 the Queets requested the state to issue state license plates for tribal vehicles at the nominal fee provided for vehicles of state agencies and local governments. When the state refused, the Queets adopted its own licensing and registration system. The Muckleshoots enacted their Motor Vehicle Licensing Ordinance in 1977.

The tribal statutes authorize registration and licensing only for tribal government service vehicles. License plates are standard size, consecutively numbered and bear identifying tribal legends. Registration forms are carried in each vehicle and are on file with the respective tribes and with the Washington Department of Licensing. The tribal statutes provide for automatic reciprocity within the reservations for vehicles registered and licensed in other jurisdictions if the other jurisdiction affords similar reciprocity.

The Queets brought suit shortly after a tribal garbage truck carrying tribal plates and operating on a federal highway within the reservation was cited for not displaying a valid state license. The parties agreed to a preliminary injunction prohibiting the state from interfering with the operation of tribally licensed vehicles.

The Muckleshoots filed their lawsuit after the state informed the tribe that it would not recognize tribal license plates. The parties agreed to the same preliminary injunction.

During the course of litigation, various issues were raised and then dropped by reason of intervening decisions and by stipulation between the parties. The only issue remaining is the applicability of Washington's reciprocity statute. The district court held that the tribally licensed vehicles were statutorily exempt from Washington's registration and licensing laws.

## CERTIFICATION

Pursuant to Wash.Rev.Code §§ 2.60.-010–.030, we certify the following question to the Washington Supreme Court:

Does RCW 46.85.080, together with the definition of "Jurisdiction" embodied in RCW 46.85.020(2), encompass Indian Tribes recognized as such by the United States government?

The parties are ordered to prepare a stipulation of facts as defined by § 2.60.010(4) and file it with the clerk of this court within thirty days of the date of this opinion. The parties will also prepare an Excerpt of Record for inclusion in the certified record and file it with this court within thirty days. If submissions are adequate, we will thereupon certify that the record

contains all matters in the pending cause deemed material for consideration of the local law question. RCW 2.60.010(4).

Pursuant to Washington Rules App.Proc. 16.16(e)(1), we will designate appellant State of Washington as the party to file the first brief in the Washington Supreme Court.

Since the Supreme Court of Washington will be presented with a certified question of local law in this action, the court issues the following order:

1. This appeal is withdrawn from submission, and will be resubmitted following receipt of the Washington Supreme Court's opinion on the certified question in this case.

2. The parties shall file status reports with this court every two (2) months from the date of the entry of this order informing this court of the status of the proceedings in the Washington Supreme Court concerning the certified question in this case.

Before BROWNING, Chief Judge, WRIGHT, CHOY, GOODWIN, WALLACE, SNEED, KENNEDY, ANDERSON, HUG, TANG, SKOPIL, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, FERGUSON, NELSON, CANBY, BOOCHEVER, NORRIS, and REINHARDT, Circuit Judges.