[No. 50000–2.  En Banc.  June 14, 1984.]

Certification From the
United States Court of Appeals
for the Ninth Circuit
IN
Queets Band of Indians, *Appellee,* v. The State
of Washington, et al, *Appellants.*

Muckleshoot Indian Tribe, *Appellee,* v. The State
of Washington, et al, *Appellants.*

*Kenneth O. Eikenberry, Attorney General,* and *Timothy R. Malone, Assistant,* for appellants.

*Jeffrey S. Schuster, Robert L. Otsea, Jr.,* and *Michael P. O'Connell,* for appellees.

STAFFORD, J.—The Ninth Circuit Court of Appeals certified the following question to this court:

> Does RCW 46.85.080, together with the definition of "Jurisdiction" embodied in RCW 46.85.020(2), encompass Indian Tribes recognized as such by the United States government?

*Queets Band of Indians v. State,* 714 F.2d 1008 (9th Cir. 1983). RAP 16.16(a). We answer "no" and hold Indian Tribes are not entitled to reciprocity under RCW 46.85.080.

Respondents, the Queets Band of the Quinault Indian Nation (Quinaults) and the Muckleshoot Band of Indians (Muckleshoots), are federally recognized tribes governing reservations within the State of Washington. In 1974, the Quinaults requested the State to issue state license plates for all tribal government vehicles at the nominal fee charged for vehicles of state agencies and local governments pursuant to RCW 46.16.020. After the State refused, the Quinaults adopted Tribal Code § 35.23, a tribal licensing and registration system. The Muckleshoots adopted a similar motor vehicle licensing ordinance in 1977.

The tribal statutes authorize registration and licensing

for tribal government service vehicles. The tribal license plates are standard size, consecutively numbered, and bear identifying tribal legends. Registration forms are carried in each vehicle and are filed with the Quinaults' Department of Revenue or the Muckleshoots' vehicle licensing clerk and also, in the case of the Quinaults, with the State Department of Licensing.

The Quinaults brought suit in federal court after the tribal garbage truck was issued a citation by the Washington State Patrol for not carrying a valid Washington vehicle registration and license tab. The Muckleshoots filed suit after the State informed the Tribe that it would not recognize tribal license plates.

The Federal District Court permanently enjoined the State from enforcing its motor vehicle licensing and registration laws as to vehicles licensed by the Tribes. The District Court ruled that each tribe was a "jurisdiction", within the meaning of RCW 46.85.020(2), for purposes of reciprocal immunity from vehicle registration requirements. On appeal, the Ninth Circuit Court of Appeals granted the State's motion to certify the question of the proper statutory interpretation of RCW 46.85.020(2) and RCW 46.85-.080 to this court.

The Tribes claim they are "jurisdictions" within the meaning of RCW 46.85.020(2) and RCW 46.85.080, two sections of Washington's act pertaining to reciprocal registration of vehicles. RCW 46.85.080 provides:

> On and after July 1, 1963, if no agreement, arrangement or declaration is in effect with respect to another jurisdiction as authorized by this chapter, any vehicle properly registered or licensed in such other jurisdiction and for which evidence of compliance is supplied shall receive, when operated in this state, the same exemptions, benefits and privileges granted by such other jurisdiction to vehicles properly registered in this state. Reciprocity extended under this section shall apply to commercial vehicles only when engaged exclusively in interstate commerce.

RCW 46.85.020(2) states:

4

> *"Jurisdiction"* means and includes a state, territory, or *possession of the United States,* the District of Columbia, the Commonwealth of Puerto Rico, a foreign country, and a state or province of a foreign country.

(Italics ours.)

The Tribes' major contention is not that Indian Tribes are either "a state, territory, or possession of the United States", but rather, that they bear sufficient similarities to these entities to be entitled to identical reciprocity rights. According to the Tribes, the statutory term "jurisdiction" describes a class of political entities with licensing authority, of which Indian Tribes are members.

This argument depends in part upon a broad interpretation of the term "includes" as used in RCW 46.85.020(2). Generally, in interpreting statutory definitions, "includes" is construed as a term of enlargement while "means" is construed as a term of limitation. 2A C. Sands, *Statutory Construction* § 47.07, at 82 (4th ed. 1973). Since RCW 46.85.020(2) contains both terms, however, these rules of statutory construction are neither helpful nor dispositive.

While Indian Tribes do possess some powers and characteristics akin to those of states, territories, and possessions, they are truly sui generis. As we noted in *Anderson v. O'Brien,* 84 Wn.2d 64, 67, 524 P.2d 390 (1974), "Indian tribes are unique entities which do not fit into neat pigeonholes of the law." If the Legislature had intended to include this unique group within the terms of the reciprocity statute, it would have done so expressly. The Legislature has regularly evidenced such an intent in other statutes by expressly referring to Indian tribes. *E.g.,* RCW 39.34.020; RCW 43.99.020(2);[1] RCW 43.99D.030; RCW

---

[1] RCW 43.99.020(2) provides an excellent example of the Legislature's specific designation of Indian tribes in a statutory definition:

"Public body" means any county, city, town, port district, park and recreation district, metropolitan park district, or other municipal corporation which is authorized to acquire or improve public outdoor recreation land, *and shall also mean Indian tribes* now or hereafter recognized as such by the federal government for participation in the land and water conservation program. (Italics ours.)

47.68.090. Where a statute specifically designates the things upon which it operates, there is an inference that the Legislature intended all omissions. *Washington Natural Gas Co. v. PUD 1,* 77 Wn.2d 94, 98, 459 P.2d 633 (1969). Thus, the silence of the Legislature is telling.

The Tribes also assert that they are actually territories or possessions of the United States. Cases discussing whether tribes are territories do not reach uniform conclusions, indicating this term has no fixed meaning. *Compare Jim v. CIT Fin. Servs. Corp.,* 87 N.M. 362, 533 P.2d 751 (1975), *cited in In re Adoption of Buehl,* 87 Wn.2d 649, 663, 555 P.2d 1334 (1976) (holding tribes are territories for purposes of the full faith and credit statute) *and United States v. Wheeler,* 435 U.S. 313, 55 L. Ed. 2d 303, 98 S. Ct. 1079 (1978) (implicitly holding tribes are not federal territories for purposes of the Fifth Amendment's double jeopardy clause). In light of the lack of uniformity in resolving this issue, and the Legislature's general practice of expressly mentioning Indian tribes, we are convinced the Legislature did not intend that tribes be considered "territories or possessions of the United States".

Respondents seek to be included within the terms of a statute which makes no mention of Indian tribes. The relief sought by the Quinaults and Muckleshoots should be directed to the Legislature, not to this court.

Our response to the certified question is "no".

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

DIMMICK, J. (dissenting)—The majority decides that Indian tribes which license and register motor vehicles pursuant to tribal statutes are not entitled to reciprocal registration under Washington's motor vehicle code. I disagree. Because of the majority decision, the only "jurisdiction" in the world not entitled to reciprocity is an Indian tribe. I do not believe that the statute was intended to produce that

result.

The majority bases its decision on the language of RCW 46.85.020(2), which, in defining jurisdiction for the purposes of the reciprocal registration statute, fails to specifically mention Indian tribes. In the context of this statute, the omission is not dispositive.

The portions of the reciprocity statute relied on here were adopted nearly verbatim from the Uniform Vehicle Code. *See* Uniform Vehicle Code § 3–402.1 (1968). Most likely, at the time the uniform language was drafted, no Indian jurisdictions were registering and licensing vehicles. But whether that is so, the statutory language describing "jurisdiction" could hardly be more expansive. It appears intended to include all domestic and foreign authorities under which vehicles could be registered. Indeed, the statute's declaration of policy supports this broad reading:

> It is the policy of this state to promote and encourage the fullest possible use of its highway system by authorizing the making and execution of motor vehicle reciprocal or proportional registration agreements, arrangements and declarations with other states, provinces, territories and countries with respect to vehicles registered in this and such other states, provinces, territories and countries thus contributing to the economic and social development and growth of this state.

RCW 46.85.010.

We are not "promot[ing] and encourag[ing] the fullest possible use" of our highway system by finding that the Legislature did not intend to extend reciprocity to vehicles registered under tribal laws. The policy underlying this statute should lead to precisely the opposite conclusion; that is, Indian tribes should be encompassed within the intent of the statute because the statute is meant to authorize reciprocal registration with all other governmental entities that license vehicles. Any other result is inequitable. The State will continue to freely use tribal highways, yet refuse similar privileges to tribal vehicles using state highways. Contrary to the intent of the statute, the relationship of the two licensing authorities will be under-

mined, rather than enhanced.

I am not persuaded that the exclusion of Indian tribes from this statute is mandated because the Legislature has specifically included tribal entities in other statutes. In each example cited by the majority, there was a much greater ambiguity regarding whether a tribal entity would logically fall within the listed categories. RCW 43.99.020(2) lists types of municipal corporations, which would not generally be understood to include Indian tribes. Similarly, in RCW 39.34.020, defining public agency, the statute refers to political subdivisions or units of local government, state and federal agencies. Without specific mention of Indian tribes, which are not agencies of the state or federal government, their inclusion would not be clear.

The reciprocal registration statute is entirely different. It is not describing a *limited* category of subjects upon which the statute will operate. It provides for all political entities that, at the time it was enacted, conceivably licensed vehicles. Neither its terms nor its spirit excludes tribal jurisdictions.

In the words of Judge Learned Hand:

> There is no more likely way to misapprehend the meaning of language . . . than to read the words literally, forgetting the object which the document as a whole is meant to secure. Nor is a court ever less likely to do its duty than when, with an obsequious show of submission, it disregards the overriding purpose because the particular occasion which has arisen, was not foreseen.

*Central Hanover Bank & Trust Co. v. Commissioner*, 159 F.2d 167, 169 (2d Cir. 1947). The State concedes tribal authority to license tribal government vehicles. The policy of the statute is to facilitate relationships with other licensing authorities. There is every reason, then, to assume that "jurisdiction" was meant to include all governmental entities functioning in the manner of a "state, territory, or possession of the United States" with regard to licensing motor vehicles.

I would answer the certified question affirmatively.