REQUESTED BY: Holly Jensen, Director, Department of Motor Vehicles
Does the Director of the Department of Motor Vehicles have the authority to enter into a reciprocal agreement with the Oglala Sioux Indian Tribal Council by which she would recognize transportation ordinances adopted by the Tribal Council which provide for registration of motor vehicles?
No.
The Oglala Sioux Indian Tribe (hereinafter "Tribe") has adopted Tribal Council Ordinance No. 85-04 which regulates registration of motor vehicles "operated or driven upon the public highways of the Pine Ridge Indian Reservation." Tribal Council Ordinance No. 85-04, § 3-2. The Tribe apparently has prepared tribal license plates, pursuant to Tribal Council Ordinance No. 85-04, and has made arrangements to begin issuing said license plates. The Tribe requests that you, as the Director of the Department of Motor Vehicles, enter into a reciprocal agreement with said Tribe whereby you would recognize tribal license plates.
The physical location of the Pine Ridge Indian Reservation is crucial to a full examination of the extent of the authority to enter into such an agreement. The Pine Ridge Indian Reservation is predominantly located within the territorial bounds of the State of South Dakota. However, a very small portion of the reservation extends within the boundaries of the State of Nebraska. The jurisdiction of the States of Nebraska and South Dakota over matters occurring on the reservation additionally must be closely examined. In 1953, Congress enacted Public Law 280, which delegated jurisdiction over criminal and civil matters arising within Indian country located within the specified states to the State of Nebraska and four other states (not including South Dakota). As stated in a prior Opinion of our office found at 48 Op. Att'y Gen. 2 (1985): It has generally been held, however, that this Public Law 280 grant of jurisdiction extended only to matters over which the federal government had earlier had authority and that it was not meant to detract from tribal jurisdiction as it existed. Therefore, it is "probable that this jurisdiction of the tribes remains concurrent with the states in Indian country subject to Public Law 280 to the same extent it was concurrent with the federal government prior to the Act." F. Cohen, Handbook of Federal Indian Law 367 (1982 ed.). In this regard, we note that licensing and registration of motor vehicles has always been and continues to be a function of state government rather than the federal government. Thus, the State of Nebraska has control over and responsibility for civil matters, including motor vehicle registration, which arise on that portion of the Pine Ridge Reservation which extends into the State of Nebraska.
It is our understanding that the large portion of the Pine Ridge Reservation, which is located within the boundaries of the State of South Dakota, is "Indian Country." For most purposes, the reservation, therefore, operates under federal and tribal law. However, it is also our understanding that in 1960, the State of South Dakota assumed jurisdiction over the roads and highways of the Pine Ridge Indian Reservation.
With that background information in mind, we turn to the question of whether the Director of the Department of Motor Vehicles (hereinafter Director) has the authority to enter into an agreement whereby tribal license plates would be recognized by the State of Nebraska. Neb.Rev.Stat. § 60-305.01 (Reissue 1984) provides as follows: (1) A nonresident owner, owning any foreign vehicle which has been properly registered in the state, country, or other place of which the owner is a resident, and which at all times, when operated in this state, has displayed upon it the number plate or plates issued for such vehicle in the place of residence of such owner, may operate or permit the operation of such vehicle within the state without registering such vehicle or paying any fees to this state.
Section 60-305.01 does not authorize the Director to enter into a reciprocal agreement within the Tribe. First, § 60-305.01 does not contain any language which empowers the Director to enter into written reciprocity agreements.
Second, § 60-305.01 applies to nonresident owners. Anyone who may reside on that portion of the reservation which extends into the State of Nebraska is a resident of this State and would not fall within the purview of § 60-305.01. Anyone who resides on that portion of the reservation which is located in the State of South Dakota would be a resident of the State of South Dakota and a nonresident of the State of Nebraska. However, § 60-305.01 additionally requires that any vehicles recognized by the State of Nebraska are properly registered in the state in which the owner is a resident. It is our understanding that the State of South Dakota does not and will not recognize the tribal license plates. South Dakota residents who register their vehicles with tribal license plates have not properly registered their vehicles in the State of South Dakota.
The authority of a South Dakota resident to operate a motor vehicle in the State of Nebraska is based upon proper registration within the State of South Dakota. Recognition by the Director of tribal license plates not only is beyond the authority granted by statute, but as a practical matter said recognition would do nothing but exacerbate the problems between the State of South Dakota and the Tribe with regard to registering motor vehicles.
The conclusion reached in this Opinion is similar to that found in Queets Band of Indians v. State of Washington,102 Wn.2d 1, 682 P.2d 909 (1984) (en banc). In Queets Band, supra, the Supreme Court of Washington, en banc, held that Indian tribes are not entitled to reciprocal registration of vehicles. The statutes of the State of Washington provided as follows: § 46.85.080 — On and after July 1, 1963, if no agreement, arrangement or declaration is in effect with respect to another jurisdiction as authorized by this chapter, any vehicle properly registered or licensed in such other jurisdiction and for which evidence of compliance is supplied shall receive, when operated in this state, the same exemptions, benefits and privileges granted by such other jurisdiction to vehicles properly registered in this state. § 46.85.020(2) — "Jurisdiction" means and includes a state, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, a foreign country, and a state or province of a foreign country. The court rejected the argument that the Indian tribe was a "territory or possession of the United States," and found that had the Legislature intended to include Indian tribes within the scope of the statute, it could have done so. Similarly, had the Legislature of the State of Nebraska intended that tribal license plates be recognized by the State, it could have so provided.
For each of the above reasons, the Director of the Department of Motor Vehicles does not have the authority to enter into an agreement with the Oglala Sioux Indian Tribal Council by which agreement tribal plates would be recognized by the State of Nebraska.
Sincerely,
ROBERT M. SPIRE Attorney General
Jill Gradwohl Assistant Attorney General